UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHELE J. DAVIS, Individually and as
Administrator and Personal Representative
of the Estate of JASON WILLIAM DAVIS,
deceased, and on behalf of his heirs-at-law and
surviving next-of-kin, including
ANDREW ALAN DAVIS, the minor child
of the decedent,

                       Plaintiffs,

vs.

L-3 COMMUNICATIONS CORPORATION,
L-3 COMMUNICATIONS VERTEX, LLC,
and L-3 COMMUNICATIONS INTEGRATED
SYSTEMS, L.P.,

                       Defendants.
------------------------------------------------------------x

Civil Action No.:

**08 CV 0132**

[RECEIVED STAMP: JAN 07 2008 U.S.D.C. S.D.N.Y. CASHIERS]

**COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiff MICHELE J. DAVIS, individually and as Administrator and Personal Representative of the Estate of JASON WILLIAM. DAVIS, deceased, and on behalf of his heirs-at-law and surviving next-of-kin, including ANDREW ALAN DAVIS, the minor child of the decedent, by her attorneys, KREINDLER & KREINDLER LLP, files this Complaint for wrongful death and survival damages against defendants L-3 COMMUNICATIONS CORPORATION, L-3 COMMUNICATIONS VERTEX, LLC and L-3 COMMUNICATIONS INTEGRATED SYSTEMS, L.P., and in support thereof alleges the following:

### JURISDICTION, PARTIES AND VENUE

    1.    Subject matter jurisdiction is based on diversity of citizenship, 28 U.S.C. §1332, in that the plaintiffs and defendants are from different states and that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2. Plaintiff MICHELE J. DAVIS is a citizen and resident of the State of California and the Administrator and Personal Representative of the Estate of Jason William Davis, decedent, and the surviving wife of the decedent, Jason William Davis, who at the time of his death was a resident of Florida. Michele J. Davis brings this lawsuit for the benefit of all surviving next-of-kin and wrongful death beneficiaries of decedent Jason William Davis, including Andrew Alan Davis, the surviving minor son of the decedent, all of whom are presently citizens of the State of California.

3. Upon information and belief, defendant L-3 COMMUNICATIONS CORPORATION is a Delaware corporation conducting business in the State of New York and maintains its principal place of business in the State of New York at 600 Third Avenue, New York, New York 10016.

4. Upon information and belief, defendant L-3 COMMUNICATIONS VERTEX, LLC, formerly known as L-3 Communications Aerotech, LLC, and L-3 Communications Vertex Aerospace, LLC, is a Mississippi corporation with its principal place of business in Mississippi, is regularly engaged in business in New York, qualified as a foreign corporation to conduct business in New York and has designated CT Corporation System, 111 Eighth Avenue, New York, New York 10011 as its registered corporate agent for service of process in the State of New York.

5. Upon information and belief, defendant L-3 COMMUNICATIONS INTEGRATED SYSTEMS, L.P., is a Delaware corporation or limited partnership regularly conducting business in the State of New York and has listed its official address as 600 Third Avenue, New York, New York 10016, the principal place of business of defendant L-3 COMMUNICATIONS CORPORATION.

6. Defendants L-3 COMMUNICATIONS CORPORATION, L-3 COMMUNIC-ATIONS INTEGRATED SYSTEMS, L.P., and L-3 COMMUNICATIONS VERTEX AEROSPACE, LLC, are collectively referred to herein as "L-3 Defendants."

7. Upon information and belief, at all times relevant hereto, each of the individual L-3 Defendants was an agent, servant, employee of the other L-3 Defendants, engaged in numerous business activities, including the operation of aircraft for profit, and/or engaged in a joint venture with the other L-3 Defendants, and at all times mentioned herein was acting within the scope, course and purpose of said agency, employment and/or joint venture.

8. Venue in this District is proper pursuant to 28 U.S.C. § 1391 in that L-3 COMMUNICATIONS CORPORATION is based and resides in the Southern District of New York and, further, that all defendants are subject to personal jurisdiction in said District in that L-3 COMMUNICATIONS CORPORATION is a Delaware corporation conducting business in the State of New York and maintains its principal place of business in the State of New York at 600 Third Avenue, New York, New York 10016; L-3 COMMUNICATIONS VERTEX, LLC, is a Mississippi corporation with its principal place of business in Mississippi, regularly engaged in business in New York, qualified as a foreign corporation conducting business in New York and has a designated registered corporate agent for service of process in the State of New York at 111 Eighth Avenue, New York, New York 10011; and L-3 COMMUNICATIONS INTEGRATED SYSTEMS, L.P., is a Delaware corporation or limited partnership regularly conducting business in the State of New York with offices located at 600 Third Avenue, New York, New York 10016.

## BACKGROUND

9. On January 10, 2006, Jason William Davis was a commissioned officer in the United States Navy attached to United States Navy Training Squadron (VT) 86, based in Pensacola, Florida, and aboard a T-39 Sabreliner aircraft (Bureau Number 165524) ("subject-aircraft") operated by the L-3 Defendants.

10. On January 10, 2006, the subject-aircraft crashed near Rome, Georgia, while being operated for profit by the L-3 Defendants and their agents, including David Roark, deceased, as a civilian contractor, and the pilot in command, who was an employee, agent, and

servant of the L-3 Defendants, and each of them, and acting within the scope of his employment and/or agency with the permission, ratification and/or consent of the L-3 Defendants.

11. On January 10, 2006, during the subject crash sequence, Jason William Davis sustained serious and deadly bodily injuries, experienced horrific fright, and great mental pain and suffering arising from the actions of the L-3 Defendants as set forth herein.

## CAUSE OF ACTION BASED ON NEGLIGENCE

12. Plaintiffs hereby incorporate each and every allegation contained in paragraphs 1 through 11 above.

13. Upon information and belief, prior to and on January 10, 2006, and at all other relevant times herein, the L-3 Defendants, and each of them, by and through their officers, agents, employees, servants, joint venturers and/or representatives controlled, used and operated the subject-aircraft for profit.

14. Upon information and belief, prior to and on January 10, 2006, and at all other relevant times herein, the L-3 Defendants, and each of them, and/or their officers, agents, employees, servants, joint venturers and/or representatives, undertook to provide pilot David Roark as pilot in command of the subject aircraft, who as alleged previously was operating the subject aircraft when it crashed; as part of his duties as pilot in command, and the L-3 Defendants, through their agents and employees, and each of them was required to conduct proper pre-flight planning and adhere to reasonable and prudent practices to avoid controlled flight into terrain and adhere to reasonable procedures regarding low level flight operations in mountainous terrain (to include, but not limited to, calculating weight and balance check(s) for the day and flight operation in question, adhering to appropriate flight limitations and standards and performing accurate aircraft performance/power calculations).

15. Upon information and belief, prior to and on January 10, 2006, and at all other relevant times herein, the L-3 Defendants, and each of them, by and through their officers, agents, employees, servants, joint venturers and/or representatives, certified pilot David Roark's

proficiency on various aviation subjects, including, but not limited to, T-39 Saberliner aircraft systems and operations, weight and balance computations, aviation weather, aerodynamics, cross-country flight planning, low level flight, flying in mountainous terrain, navigation and emergency procedures and avoiding controlled flight into terrain.

16. Upon information and belief, prior to and on January 10, 2006, and at all other relevant times herein, the L-3 Defendants, and each of them, through their officers, agents, employees, servants, joint venturers and/or representatives, owed Jason William Davis, deceased, a duty to exercise reasonable care in respect to operation, training and instructions regarding the control and operation of the subject aircraft, ensuring that the subject aircraft was operated so as not inadvertently to come in contact with the ground and cause injury, and providing instruction and training to all persons such as pilot David Roark, to safely operate the subject-aircraft and avoiding controlled flight into terrain.

17. Upon information and belief, prior to and on January 10, 2006, and at all other relevant times herein, the L-3 Defendants, and each of them, through their officers, agents, employees, servants, joint venturers and/or representatives, owed Jason William Davis, deceased, a duty of care to ensure that the subject-aircraft under the control of their pilots, including David Roark was operated safely and not in an unreasonably dangerous manner and to ensure that the subject-aircraft was operated so as not to inadvertently come in contact with the ground and cause injury to occupants of the aircraft and to avoid controlled flight into terrain.

18. Upon information and belief, prior to and on January 10, 2006, and at all other times relevant hereto, said crash, injury and resulting damages and death to Jason William Davis were caused by and/or contributed to by the acts or omissions of the L-3 Defendants, and each of them, through their officers, agents, employees, servants, joint venturers and/or representatives, in that they carelessly and negligently operated the subject aircraft and subject flight and carelessly and negligently failed to supervise pilot David Roark so as to avoid flying the subject aircraft into the terrain, allowed the subject aircraft to come in contact with the ground at a high

rate of speed and flying the aircraft into the nearby terrain and otherwise breached their duties to Jason William Davis.

19.   As a direct and proximate result of the careless and negligent acts and practices described above, the L-3 Defendants, and each of them, through their officers, agents, employees, servants, joint venturers and/or representatives, are liable to plaintiffs for damages on account of the wrongful death and pre-death pain and suffering experienced by Jason William Davis and his wrongful death beneficiaries and surviving next-of-kin in such amount as proven at trial.

WHEREFORE, as a direct and proximate result of the foregoing acts and omissions of the L-3 Defendants, and each of them, through their officers, agents, employees, servants, joint venturers and/or representatives, and the resulting death of Jason William Davis, plaintiff Michele J. Davis prays as follows:

(a)   That compensatory damages be awarded in accordance with law or losses incurred, including the full value of the life of Jason William Davis, lost past and future substantial earnings, all past, current and future pecuniary loss suffered by decedent's estate and beneficiaries and all other wrongful death and survival damages allowed under applicable law, including both economic and non-economic damages, to include, but not limited to, the loss of services and loss of affection and care;

(b)   That damages be awarded in such amount as a jury deems just and appropriate for the conscious physical and mental pain and suffering experienced by decedent Jason William Davis prior to his death;

(c)   For such other and further relief that this Court deems just and appropriate; and

(d)   For a trial by jury.

Dated: January 7, 2008
New York, New York

Respectfully submitted,

KREINDLER & KREINDLER LLP

ANTHONY TARRICONE
(*pending pro hac admission*)
277 Dartmouth Street
Boston, MA 02116
Phone (617) 424-9100
Facsimile (212) 424-9120
atarricone@kreindler.com

- and -

_____
FRANCIS G. FLEMING, ESQ. (FF 9574)
DANIEL O. ROSE, ESQ. (DR 9012)
MICHAEL R. SHERWIN, ESQ. (MS 4182)
KREINDLER & KREINDLER LLP
100 Park Avenue
New York, New York 10007
Phone (212) 687-8181
Facsimile (212) 972-9432

*Attorneys for Plaintiff Michele J. Davis*